# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BRENDA GRAY,**  *Plaintiff*,  v.  **ROOMS TO GO FURNITURE CORPORATION OF GEORGIA,** *et al.*,  *Defendants*. | **CIVIL ACTION NO.**  **5:24-cv-00227-TES** |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant RTG Furniture Corp. of Georgia moves to dismiss pro se Plaintiff Brenda Gray's Complaint [Doc. 1]. [Doc. 8]. Defendant RTG Furniture Corp. of Georgia, better known as "Rooms To Go," filed its Motion to Dismiss [Doc. 8] on September 23, 2024. [Doc. 8, p. 19]. After the time for Plaintiff to respond to Rooms To Go's Motion passed without any response, the Court gave Plaintiff additional time to respond and warned her "of what may happen to her case if she fails to file a response brief." [Doc. 10, p. 1]; LR 7.2, MDGa.

By all accounts, it appears that Plaintiff no longer wants to prosecute this case as she never filed a response brief or exercised her right to amend her Complaint in light of Rooms To Go's dismissal efforts. *See* Fed. R. Civ. P. 15(a)(1). However, "even if a plaintiff fails to respond to individual arguments in a defendant's motion to dismiss,

that failure does not amount to a waiver of her position that her complaint stated a plausible claim, provided that the district court 'considered the merits' of those arguments and 'relied on them in granting the motion to dismiss.'" *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1337 (11th Cir. 2022) (quoting *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018)). Accordingly, Rooms To Go's arguments must still be considered in determining whether Plaintiff's Complaint states a claim for relief upon which relief may be granted.[1]

## BACKGROUND

According to Plaintiff's Complaint,[2] she claims that for just over six years Rooms To Go violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967[3] ("ADEA"). [Doc. 1, pp. 3–4, 5

---

[1] Throughout its Motion, Rooms To Go argues (several times) that Plaintiff's Complaint should be dismissed because she failed to allege a sufficient comparator. *See* [Doc. 8, pp. 7–8, 10–12]. Such an argument, however, is misplaced. The Eleventh Circuit has made itself quite clear that employees need not point to a comparator in their complaints. Pointing to a comparator—an individual who is "similarly situated in all material respects"—goes to the heart of establishing a prima facie case for employment discrimination claims under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and "the make or break of a prima facie case is not a pleading standard by which to measure the legal sufficiency of a complaint asserting such claims." *Hudson v. Macon-Bibb Cnty. Planning & Zoning Comm'n*, No. 5:24-cv-00259-TES, 2024 WL 4608577 (citing *Davis v. Mia.-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3 (11th Cir. Sept. 5, 2024)); *see also Lewis v. City of Union City*, 918 F.3d 1213, 1226 (11th Cir. 2019); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Suffice it to say, the Court did not rely on Rooms To Go's arguments that Plaintiff's claims should be dismissed because she failed to point to an "adequate" or "viable" comparator. *See Jacob*, 40 F.4th at 1337; [Doc. 8, pp. 8, 10].

[2] Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

[3] Plaintiff alleges in her Complaint that she was born in 1969. [Doc. 1, p. 5].

2

(Plaintiff's recollection that the alleged discriminatory acts occurred "[f]rom June 2017 to August 2023")]. Plaintiff provides only the following facts for her case:

> Wrongful termination based on age, race, religion, and sex. Continued bullying and harassment by Tony Sherron. Complaints ignored by Hr (*sic*) Rep Ana Yazbeck and Sharon Tyler. Passed over for promotion for a job that I was already doing. Position given to white female that I trained. I was intimidated by white male upper management every time that Tony would bully me if I refused to do his work under his employee password. Their last attempt to force me out was when my work schedule was changed so that I was unable to attend my religious activities. I was replaced with younger associates after 17 years of service.

[*Id.* at p. 5]. Based on these allegations, Plaintiff initiated proceedings with the Equal Employment Opportunity Commission ("EEOC") on February 21, 2023. [Doc. 8-1, p. 2]. In her charge of discrimination[4] to the EEOC, Plaintiff wrote:

> I was terminated from a job after 17 years of service. I was continually harassed and retailiated (*sic*) against by James Powell, Tony Sherron, Robert Manns, Zaid Hakim, and Ron Smith because I am a black female who is actively involved in church activities yet still dedicated to my job responsibilities.

[*Id.*]. On April 9, 2024, the EEOC issued Plaintiff her Notice of Right to Sue [Doc. 1-1], and she commenced this lawsuit on July 10, 2024. *See* [Doc. 1].

---

[4] Even though Plaintiff didn't attach her charge filed with the EEOC to her Complaint, Rooms To Go filed it as an exhibit to its Motion. *See, e.g.*, [Doc. 8-1]. Since it's central to Plaintiff's claims and neither she nor Rooms To Go challenge its authenticity, there's no reason why it can't be considered by the Court. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, [a] district court may consider an extrinsic document if it is (1) central to [a] plaintiff's claim, and (2) its authenticity is not challenged."); *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228–29 (N.D. Ga. 2013) (considering EEOC charge to determine timeliness of filing without converting to motion for summary judgment) (collecting cases).

## DISCUSSION

A.      <u>Legal Standard</u>

When ruling on a motion under Rule 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In accepting the factual allegations as true, courts are to construe the reasonable inferences from them in the light most favorable to a plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

However, through Rule 12(b)(6), a defendant may "test the facial sufficiency" of a complaint by way of a motion to dismiss. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Such a "motion is an 'assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted.'" *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). However, a complaint will survive a Rule 12(b)(6)-based motion if it alleges ***sufficient factual matter*** (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (emphasis added).

Now, whether a complaint states a claim for relief is measured by reference to the pleading standard of Federal Rule of Civil Procedure 8—a "short and plain

4

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Barreth*, 2020 WL 4370137, at *2 (citation omitted). Rule 8 doesn't require detailed factual allegations, but it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted) (alterations adopted). Its sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly*, 550 U.S. at 555–56.

To decide whether a complaint survives a motion to dismiss, courts use a two-step framework. *McCullough*, 907 F.3d at 1333 (citation omitted). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* "A court decides whether [Rule 8's pleading standard] is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow [it] to reasonably infer that [a] plaintiff [may be] entitled to the legal remedy sought." *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

When drafting a complaint, "[a] plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*,

5

907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). A plaintiff may use legal conclusions to structure a complaint, but they "must be supported by factual allegations." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in a complaint as true, they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss "is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The issue is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Id.* The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Finally, and in this case, critically, a complaint that tenders "'naked assertions' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up). To survive, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.

6

*Twombly*, 550 U.S. at 556.

### B.    Plaintiff's Title VII and ADEA Claims

Before suing under either Title VII or the ADEA, an aggrieved employee must first exhaust the required federal administrative remedies by filing a charge of discrimination with the EEOC.[5] *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "Exhaustion serves one primary purpose: to allow the EEOC to 'have the first opportunity to investigate the alleged discriminatory practices [so that it can] perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Collins v. Navicent Health, Inc.*, 499 F. Supp. 3d 1307, 1327 (M.D. Ga. 2020) (quoting *Chesnut v. CC Servs., Inc.*, No. 5:18-CV-404 (MTT), 2020 WL 1433876, at *4 (M.D. Ga. Mar. 24, 2020)). Considering the purpose of the EEOC exhaustion requirement, the Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). With this in mind, the Court notes that "new acts of discrimination [lodged in a judicial

---

[5] Although "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," it is, however, a statutory requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 398 (1982).

complaint] are inappropriate."[6] *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (quoting *Gregory*, 355 F.3d at 1280).

In Georgia, because it is a non-deferral state,[7] an aggrieved employee must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A); *see also* 29 C.F.R. § 1626.7. It has long since been the rule in the Eleventh Circuit that the 180 days begins running from the date the employee knows or reasonably should have known that she has been discriminated against. *Hill v. Metro. Atlanta Rapid Transit Auth.*, 841 F.2d 1533, 1545 (11th Cir. 1988). Stated differently, discrete acts of discrimination and retaliation that "occurred prior to the date of the EEOC charge" typically may not be included in a judicial complaint because they are not exhausted. *Thomas v. Mia. Dade Pub. Health Tr.*, 369 F. App'x 19, 22–23 (11th Cir. 2010).

Only those claims arising within 180 days of the filing of a charge are actionable.

---

[6] Plaintiff attempts to bring a failure-to-promote claim; however, her EEOC charge never made any allegation concerning a failure to promote. *See* [Doc. 1, p. 4], *in connection with* [Doc. 8-1, p. 2]. Therefore, such a claim cannot reasonably be expected to grow out of Plaintiff's EEOC charge, and she cannot now attempt to insert one in her Complaint. *Gregory*, 355 F.3d at 1280; *Collins*, 499 F. Supp. 3d at 1327; *see also* [Doc. 8, pp. 4–5].

[7] "Non-deferral states" are those states without any laws banning various types of discrimination in the workplace and without a state entity authorized to grant or to seek relief for victims of such discrimination. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.20 (11th Cir. 1996); *Wilkerson*, 270 F.3d at 1317 (discussing that for a charge regarding discrimination under Title VII "to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act[]"); *Sheffield v. United Parcel Serv., Inc.*, 403 F. App'x. 452, 454 n.2 (11th Cir. 2010) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1214 n.2 (11th Cir. 2001)) (recognizing that "Georgia is a non-deferral state because it is without 'laws banning age discrimination in employment and without state entities authorized to grant or seek relief for victims of age discrimination[]'").

*EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Untimely claims are barred and fail to state a claim upon which relief would be granted. *Id.* If a party fails to comply with the charge-filing requirement, she cannot assert Title VII- or ADEA-based claims in court. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 109 ("A claim is time barred if it is not filed within [the relevant] time limits.").[8]

      Here, Plaintiff's EEOC charge is dated February 21, 2023. [Doc. 8-1, p. 2]. Therefore, as Rooms To Go contends, Plaintiff's charge "only covers the 180-day period reaching back to August 25, 202[2]." [Doc. 8, p. 6]. Candidly, Plaintiff claims that the alleged discriminatory acts spanned "from June 2017 to August 2023," but she doesn't provide any further detail as to when exactly these acts allegedly occurred sufficient for

---

[8] Plaintiff asserts in both her Complaint and her EEOC charge that she was subject to continuous harassment. [Doc. 1, p. 5]; [Doc. 8-1, p. 2]. To that end, "[h]ostile environment claims are different in kind from discrete acts." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115. They are "composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)). Therefore, "[i]t does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period." *Id.* However, at least one alleged act contributing to a hostile work environment claim must occur within the filing period. *Id.* ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). If an employee can provide an allegation of unlawful or harassing conduct that is within the 180-day cut-off, then everything that encompasses what the employee considers to be the "hostile environment" may be considered. *Id.* Plaintiff, however, fails to provide any specific dates in support of a hostile work environment claim, so neither the Court nor Rooms To Go has any indication that at least one allegation of unlawful or harassing conduct fell within the 180-day period.

the Court to determine whether they are time barred.[9] [Doc. 1, p. 5]. Nevertheless, notwithstanding her status as a pro se litigant, Plaintiff faces real hurdles when it comes to the pleading sufficiency of her Complaint—namely, Rule 8's pleading standards and how those standards are applied through *Twombly*, *Iqbal*, and *McCullough*.

Liberally construed, Plaintiff alleges that on various occasions "from June 2017 to August 2023" Rooms To Go engaged in unlawful employment practices and "wrongful[ly] terminat[ed] [her] based on age, race, religion, and sex" at some undisclosed point in August 2023. [*Id.*]. As textbook examples of legal conclusions, those allegations are not entitled to any presumption of truth. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681). Moreover, Plaintiff barely expounds on those legal conclusions—claiming that she was subjected to "harassment by Tony Sherron," that her complaints went ignored, that she was passed over for a promotion,[10] that she was "replaced with younger associates," and that she was unable to attend her religious activities when Rooms To Go changed her work schedule. [Doc. 1, p. 5]; *see also McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679) (holding that a plaintiff may use legal conclusions to structure a complaint but legal conclusions "must be supported

---

[9] If there are discriminatory or retaliatory allegations or any other allegations concerning unlawful employment practices that occurred from the date Plaintiff filed her EEOC charge (February 21, 2023) through August 2023—when Plaintiff claims the alleged discriminatory acts ended—then she would be required to file a new charge with the EEOC because those allegations could not have been administratively exhausted. *Gregory*, 355 F.3d at 1280; *see* [Doc. 8-1, p. 2], *in connection with* [Doc. 1-1, p. 5].

[10] As the Court discussed above, a failure-to-promote claim is not properly before the Court since it was not first raised in Plaintiff's EEOC charge. *See* n.6, *supra*.

by factual allegations"). Without anything further, Plaintiff also asserts a retaliation claim, but she doesn't delineate which of her allegations pertain to her discrimination, conditions-of-employment, or failure-to-promote claims and which, if any, apply to her supposed retaliation claim. *See* [Doc. 1, pp. 4–5]. Lastly, with respect to Plaintiff's claim for age discrimination, she alleges that she "was replaced with younger associates after 17 years of service"; however, such a thin allegation does not plausibly allege that Rooms To Go fired her because of her age. *See Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 774 (11th Cir. 2013) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009), and *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013)) ("To show age discrimination, the plaintiff must prove that age was the 'but-for' cause of the challenged decision."); [Doc. 8, p. 12 (citing *Liebman v. Metropolitan Life Ins.*, 808 F.3d 1294, 1298 (11th Cir. 2015))]; *see, e.g.*, [Doc. 1, p. 5]

The lack of factual detail in this case led to Rooms To Go's argument that "Plaintiff's allegations flunk plausibility pleading standards." [Doc. 8, p. 2]. As pled, Plaintiff's Complaint fails to provide Rooms To Go "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly*, 550 U.S. at 555–56. With such threadbare allegations, Plaintiff merely presents "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted). While courts (as mentioned above) must show leniency to pro se litigants, courts cannot "serve as de facto counsel or 'rewrite an

11

otherwise deficient pleading in order to sustain an action.'" *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see* n.2, *supra*.

Plaintiff's allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To be sure, there are barely any factual allegations at all. To survive, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim, and Plaintiff's Complaint fails to allege such facts. *Id.* at 556.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant RTG Furniture Corp. of Georgia's Motion to Dismiss [Doc. 8] and **DISMISSES** Plaintiff's Complaint [Doc. 1] **with prejudice**.[11] The Court **DIRECTS** the Clerk of Court to **ENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 22nd day of November, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] The Court assuredly recognizes that where "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, given Plaintiff's readily apparent failure to prosecute her case by failing to respond to Rooms To Go's Motion, there is "a clear indication that [she] does not want to amend [her] complaint." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Further, "[i]f a dismissal without prejudice 'has the effect of precluding [a] plaintiff from refiling [her] claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice.'" *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up).