IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRENDA GRAY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ROOMS TO GO FURNITURE CORPORATION OF GEORGIA,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00227-TES** |

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

On November 22, 2024, the Court granted Defendant RTG Furniture Corp. of Georgia's Motion to Dismiss [Doc. 8]. *See* [Doc. 11]. Following the Court's Order and Judgment [Doc. 12], Plaintiff Brenda Gray filed a Motion for Reconsideration [Doc. 13].

**LEGAL STANDARD**

Under Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a matter of routine practice" and are not intended to provide an opportunity for the moving party "to instruct the [C]ourt on how [it] 'could have done it better' the first time." LR 7.6, MDGa; *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously

available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Rule 59(e) permits filing motions "to alter or amend a judgment" within 28 days after entry of the judgment if "reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, No. 5:18-CV-00104-TES, 2019 WL 1938801, at *1 (M.D. Ga. May 1, 2019).

## **DISCUSSION**

In her Motion, Plaintiff asks the Court to revisit its decision and allow her to "present all of [her] documentations of unethical practices by Rooms to Go Furniture Corporation." [Doc. 13]. Importantly, though, Plaintiff didn't feel the need to respond to Room to Go's Motion—even after the Court advised her that:

(1) Rooms To Go has moved to dismiss the claims asserted in Plaintiff's Complaint [Doc. 1];

(2) Plaintiff has the right to oppose the dismissal of her lawsuit by filing a response brief no longer than 20 pages, *see* LR 7.4, MDGa; and,

(3) if Plaintiff fails to oppose or otherwise respond to the legal arguments contained in Room To Go's Motion, her claims may be dismissed.

[Doc. 10, p. 1]. The Court also extended Plaintiff's deadline to respond for an additional 14 days. [*Id.* at p. 2]. Finally, the Court notified Plaintiff that "If [she] chooses to forego any response brief, her case may be dismissed for failure to prosecute. [*Id.* (citing Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."))].

Despite Plaintiff's lack of response, the Court still underwent an extensive analysis of Plaintiff's Complaint and determined that her "allegations do not 'raise a right to relief above the speculative level.'" [Doc. 11, p. 12 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))]; *see also Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1337 (11th Cir. 2022). Plaintiff's instant Motion does not alter that analysis. Indeed, Plaintiff's Motion cannot serve as an amended complaint adding new factual allegations in hopes of altering the Court's prior decision. *Franklin v. Twiggs Cnty., Ga.*, No. 5:23-CV-00183-TES, 2023 WL 4764684, at *1 (M.D. Ga. July 26, 2023) ("As an initial matter, a post-judgment Motion for Reconsideration is an improper mechanism to attempt to amend [a] complaint.") (citations omitted).[1]

---

[1] To that point, the Court's Order [Doc. 4] granting Plaintiff IFP status and conducting a frivolity screening also notified Plaintiff that her Complaint lacked factual allegations and that her "Title VII and ADEA claims narrowly survive[d] frivolity review against Rooms To Go." [Doc. 4, p. 8]. But, based on her failure to respond, the Court concluded that it "appear[ed] that Plaintiff no longer wants to prosecute this case as she never filed a response brief or exercised her right to amend her Complaint in light of Rooms To Go's dismissal efforts." [Doc. 11, p. 1 (citing Fed. R. Civ. P. 15(a)(1))].

3

Even more, Plaintiff's Motion mentions conversations that she recorded in August 2017 and March 2019; however, those dates are outside of the relevant period. *See* [Doc. 11, p. 9 ("Therefore, as Rooms To Go contends, Plaintiff's charge 'only covers the 180-day period reaching back to August 25, 202[2].'") (citing [Doc. 8, p. 6])]. And, Plaintiff's Motion, even liberally construed (and considering it in conjunction with her Complaint), still does not provide enough information to push her claims "above the speculative level." [Doc. 11, p. 6 (citing *Twombly*, 550 U.S. at 555)].

## CONCLUSION

In the end, Plaintiff's Motion simply attempts to take "another 'bite at the apple' by . . . arguing . . . issues and procedures *that could and should have been raised prior to judgment*." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citing *In re Halko,* 203 B.R. 668, 671–72 (Bankr. N.D. Ill. 1996) (emphasis added)). Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 13].

**SO ORDERED**, this 3rd day of December, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**